## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CARL J. DAVIS JR.**                                **CIVIL ACTION**

**VERSUS**                                           **NO.  18-9062**

**DARREL VANNOY, WARDEN**                            **SECTION "J"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.    FACTUAL BACKGROUND

The petitioner, Carl J. Davis Jr., is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On March 17, 2010, Davis was

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 5.

indicted by a Washington Parish grand jury for second degree murder.[3]  The Louisiana

First Circuit Court of Appeal summarized the facts established at trial:

> On the night of December 12, 2009, the twenty-two-year old victim, Brossi
> Hogan, went to Lem's Bar in Washington Parish.  The bar closed about
> 3:00 a.m. the next morning, and the roadway leading away from the bar
> became congested as patrons attempted to leave the area.  According to
> witnesses, one vehicle was blocking the road and some patrons from the bar
> were in the roadway dancing.  During the traffic jam, the defendant was
> observed arguing with Arianna Magee who, according to witnesses, looked
> more like a male than a female and was in one of the vehicles that was
> blocking the defendant from leaving.  The victim, Ms. Magee's cousin,
> stepped out of his friend, Stephanie Gaudy's, vehicle to inform the
> defendant, who was not from the area, that Ms. Magee was not a man and
> that the defendant was actually arguing with a female.  After the victim got
> back in the vehicle, the defendant was observed firing several gunshots into
> the vehicle, striking the victim multiple times.  Detective Anthony Stubbs
> of the Washington Parish Sheriff's Office (WPSO) was dispatched to the
> scene while other detectives went to Riverside Medical Center and met
> potential witnesses.  The victim suffered three gunshots to the head and
> died instantly.

State v. Davis, No. 2012-KA-2044, 2013 WL 122539, at *1 (La. App. 1st Cir. Dec. 27,

2013); State Record Volume 3 of 10, Louisiana First Circuit Court of Appeal Opinion,

2012-KA-2044, pages 2-3, December 27, 2013.

Davis was tried before a jury on December 6 through 8, 2011, and found guilty as

charged.[4]  At a December 20, 2011, hearing, the state trial court denied Davis's motions

---

[3]St. Rec. Vol. 1 of 10, Indictment, 3/17/10; Grand Jury Return, 3/17/10.

[4]St. Rec. Vol. 1 of 10, Trial Minutes, 12/6/11; Trial Minutes, 12/7/11; Trial Minutes, 12/8/11;
Jury Verdict Form, 12/8/11; St. Rec. Vol. 2 of 10, Trial Transcript, 12/6/11; St. Rec. Vol. 3 of 10, Trial
Transcript, 12/7/11; Trial Transcript, 12/8/11.

for a new trial and for post-verdict judgment of acquittal.[5]  At the same hearing, the court sentenced Davis to life in prison without benefit of parole, probation or suspension of sentence.[6]  On December 28, 2011, the court denied Davis's motion to reconsider the sentence.[7]

On direct appeal, Davis's appointed counsel asserted two errors:[8] (1) The state trial court erred by pronouncing the sentence on the same day as the denial of the motion for new trial without a waiver of sentencing delays. (2) The state trial court erred by imposing the life sentence without determining whether it was excessive under the circumstances.  Davis filed pro se a supplemental brief asserting two claims:[9] (1) The evidence was insufficient to identify Davis and to support the verdict. (2) The state trial court erred in imposing an excessive sentence.

On December 27, 2013, the Louisiana First Circuit affirmed Davis's conviction and sentence, finding the claims asserted in his appeal meritless.[10]  Davis's conviction

---

[5]St. Rec. Vol. 1 of 10, Sentencing Minutes, 12/20/11; Motion for a New Trial, 12/12/11; Motion for Post-Verdict Judgment of Acquittal, 12/12/11; Sentencing Transcript, 12/20/11.

[6]St. Rec. Vol. 1 of 10, Sentencing Minutes, 12/20/11; Sentencing Transcript, 12/20/11.

[7]St. Rec. Vol. 1 of 10, Motion to Reconsider Sentence, 12/28/11; Trial Court Order, 1/9/12.

[8]St. Rec. Vol. 8 of 10, Appeal Brief, 2012-KA-2044, dated 7/22/13.

[9]St. Rec. Vol. 8 of 10, Supplemental Appeal Brief, 2012-KA-2044, undated.

[10]Davis, 2013 WL 122539, at *1; St. Rec. Vol. 3 of 10, 1st Cir. Opinion, 2012-KA-2044, 12/27/13.

became final 30 days later, on Monday, January 27, 2014,[11] when he did not seek review in the Louisiana Supreme Court.  See Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); La. S. Ct. R. X§5.

On February 4, 2014, Davis signed a writ application addressed to the Louisiana Supreme seeking review of his direct appeal.[12]  On November 7, 2014, the Louisiana Supreme Court denied the writ application without stated reasons.[13]

On March 23, 2015, Davis signed and submitted an application for post-conviction relief to the state trial court asserting the following grounds:[14] (1) The State denied him a fair trial by knowingly withholding exculpatory and impeachment evidence in the supplemental police report in violation of Brady v. Maryland, 373 U.S. 83 (1963). (2) The State knowingly presented false evidence through the testimony of the eyewitness

---

[11]The 30th day was Sunday, January 26, 2014.  The deadline therefore fell to the next business day, Monday, January 27, 2014.  See La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); Fed. R. Civ. P. 6(a)(2)(C).

[12]St. Rec. Vol. 8 of 10, La. S. Ct. Writ Application, 14-KH-304, 2/13/14 (dated 2/4/14, postal metered 2/7/14); St. Rec. Vol. 3 of 10, La. S. Ct. Letter, 2014-KH-304, 2/13/14.

[13]State ex rel. Davis v. State, 152 So.3d 168 (La. 2014); St. Rec. Vol. 8 of 10, La. S. Ct. Order, 2014-KH-0304, 11/7/14.

[14]St. Rec. Vol. 3 of 10, Application for Post-Conviction Relief, 4/8/15 (dated 3/23/15).

who identified Davis as the shooter and allowed it to go uncorrected in violation of

Napue v. Illinois, 360 U.S. 271 (1959).

On October 5, 2016, the state trial court held an evidentiary hearing on the claims, and Davis was represented at the hearing by appointed counsel.[15]  Following the hearing, the parties submitted additional briefing.[16]  On February 2, 2017, the state trial court denied relief, holding that the evidence at the hearing established that the State provided the supplemental report to Davis's counsel before trial, and the State did not present false testimony at trial.[17]

On May 18, 2017, the Louisiana First Circuit denied Davis's pro se writ application, finding no error in the state trial court's ruling that he failed to bear his burden of proof on both claims.[18]  On September 14, 2018, the Louisiana Supreme Court denied Davis's related writ application, holding that he failed to prove a Brady violation or meet the burden of proof on his other claim.[19]

---

[15]Rec. Doc. No. 14-1, State's Response Exh. 1; St. Rec. Vol. 3 of 10, Trial Court Order, 6/26/15; State's Response, 6/19/15.

[16]St. Rec. Vol. 8 of 10, Memorandum in Support, 11/9/16; St. Rec. Vol. 3 of 10, State's Post-Hearing Memorandum, 11/15/16.

[17]St. Rec. Vol. 3 of 10, Trial Court Judgment, 2/2/17.

[18]State v. Davis, No. 2017-KW-0328, 2017 WL 2189993, at *1 (La. App. 1st Cir. May 18, 2017); St. Rec. Vol. 9 of 10, 1st Cir. Order, 2017-KW-0328, 5/18/17; 1st Cir. Writ Application, 2017-KW-0320, 3/6/17 (dated 3/2/17).

[19]State ex rel. Davis v. State, 252 So.3d 468 (La. 2018); St. Rec. Vol. 10 of 10, La. S. Ct. Order, 2017-KH-1092, 9/14/18; La. S. Ct. Writ Application, 17-KH-1092, 6/29/17 (metered 6/12/17); St. Rec. Vol. 3 of 10, La. S. Ct. Letter, 2017-KH-1092, 6/29/17; La. S. Ct. Letter, 2017-KH-1092, 7/10/17.

III.   <u>FEDERAL HABEAS PETITION</u>

On October 30, 2018, after correction of certain deficiencies, the clerk of this court filed Davis's federal habeas corpus petition in which he asserts the following grounds for relief:[20] (1) The state trial court erred by pronouncing the sentence on the same day as the denial of the motion for new trial without a waiver of sentencing delays. (2) The state trial court erred by imposing the life sentence without determining whether it was excessive under the circumstances.  (3) The evidence was insufficient to identify Davis and to support the verdict. (4) The State denied him a fair trial by knowingly withholding exculpatory and impeachment evidence in the supplemental police report in violation of <u>Brady</u>. (5) The State knowingly presented false evidence through the testimony of the eyewitness who identified Davis as the shooter and allowed it to go uncorrected in violation of <u>Napue</u>.

The State filed a response in opposition to Davis's federal petition, asserting that the petition is time-barred and reserving its right to assert other defenses and address the merits of the claims, if necessary.[21]

---

[20]Rec. Doc. No. 5, pp. 22-23.

[21]Rec. Doc. No. 14.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[22] and

applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore

applies to Davis's petition, which, for reasons discussed below, is deemed filed on

September 28, 2018.[23]  The threshold questions in habeas review under the amended

statute are whether the petition is timely and whether petitioner's claims were adjudicated

on the merits in state court; i.e., the petitioner must have exhausted state court remedies

and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409,

419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[22]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court entered Davis's petition on September 28, 2018, when it was received and opened the case on October 31, 2018, when pauper status was granted.  The official stamp of the prison legal programs department reflects that Davis presented the petition to prison officials on September 28, 2018, for electronic mailing to federal court.  Rec. Doc. No. 5, p. 34; Rec. Doc. No. 1, p. 34 (original deficient petition).

The State asserts and the record establishes that Davis's federal petition was <u>not</u> timely filed.  For the following reasons, I recommend that Davis's petition be dismissed with prejudice as time-barred.

## IV.   <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[24]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  Davis's conviction was final on January 27, 2014, when he did not timely seek review of his direct appeal in the Louisiana Supreme Court.  Applying Section 2244 literally, Davis had one year from finality of his conviction, until January 27, 2015, to file his federal habeas corpus petition, which he did not do.  His petition

_____

[24]The statute of limitations provision of the AEDPA in 28 U.S.C. § 2244(d) provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations in which the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Davis has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client

9

over a period of years in spite of the client's letters); <u>Hardy v. Quarterman</u>, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); <u>United States v. Wynn</u>, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); <u>Fisher</u>, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); <u>Cantu-Tzin</u>, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); <u>Davis</u>, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of

limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-78.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303,

306-307 n.4 (5th Cir. 2000) (quoting <u>Villegas v. Johnson</u>, 184 F.3d 467, 469 (5th Cir. 1999)); <u>Smith v. Ward</u>, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. <u>Causey v. Cain</u>, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").   A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the one-year AEDPA statute of limitations began to run on January 28, 2014, the day after Davis's conviction was final under federal law.  The period continued to run uninterrupted for one year, until January 27, 2015, when it expired. Davis had <u>no</u> timely, properly filed application for state post-conviction relief or other collateral review during that time period that might have tolled the AEDPA one-year statute of limitations.

I recognize that, on February 4, 2014, Davis submitted a writ application to the Louisiana Supreme Court seeking review of his direct appeal.  However, the Louisiana First Circuit decided Davis's direct appeal on December 27, 2013.  Under La. S. Ct. R. X§5, Davis had 30 days from that date, or until Monday, January 27, 2014,[25] to file a writ application with the Louisiana Supreme Court.  His writ application filed eight days later was not timely under this rule.  Under federal law, the <u>un</u>timely pleading under La. S. Ct. R. X§5 cannot be considered in the AEDPA's finality or limitations calculation.  <u>See</u> <u>Butler</u>, 533 F.3d at 317, 319 (La. S. Ct. R. X§5(a) forbids any extension of time); <u>Williams</u>, 217 F.3d at 309-11 (same).  As the United States Supreme Court has declared,

---

[25]As calculated above for the finality of his conviction, the 30th day was Sunday, January 26, 2014.  The deadline therefore fell to the next business day, Monday, January 27, 2014.  See La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); Fed. R. Civ. P. 6(a)(2)(C).

"[w]hen a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Pace, 544 U.S. at 414.

Davis, therefore, had no properly filed state court post-conviction or other collateral review pending in any state court during that time period.  His next state court pleading was the application for post-conviction relief he submitted on March 23, 2015, which was 54 days after the AEDPA statute of limitations expired on January 27, 2015. Davis, however, is not entitled to tolling for a state court filing made after expiration of the AEDPA limitations period.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period); Higginbotham v. King, 592 F. App'x 313, 314 (5th Cir. 2015) (citing Scott, 227 F.3d at 263); see also, Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day renders a federal petition untimely).

Furthermore, Davis has not offered nor does the record establish any alternative trigger to begin the AEDPA one-year period at a date beyond the finality of his conviction.  In its opposition response, the State discussed the possibility that Davis may at some point argue that his discovery of the supplemental police report after his conviction stands as a new factual predicate under § 2244(d)(1)(D).  Davis has made no such argument to this court.  Nevertheless, this subsection of the statute does not delay the commencement of the limitations period until the date on which the factual predicate

14

of a claim was <u>in fact</u> discovered or developed by the petitioner; rather, it delays it only until the date on which it "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); <u>see</u> <u>Manning v. Epps</u>, 688 F.3d 177, 189-90 (5th Cir. 2012) (argument that § 2244(d)(1)(D) runs from actual discovery of claim is an "untenable theory."); <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000) (". . . the time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner . . . [and] not when the prisoner recognizes their legal significance.").  The United States Fifth Circuit has held "that this means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." <u>In re Young</u>, 789 F.3d 518, 528 (5th Cir. 2015) (citing <u>Flanagan</u>, 154 F.3d at 199); <u>see also</u> <u>Hunter v. Cain</u>, 478 F. App'x 852 (5th Cir. 2012) (citing <u>Starns v. Andrews</u>, 524 F.3d 612, 620-21 & n. 5 (5th Cir. 2008) (holding that the relevant date under § 2244(d)(1)(D) is the date that the habeas petitioner <u>or his criminal attorney</u> received the information in question)).

In this case, the state courts held as a matter of fact that the supplemental police report underlying Davis's <u>Brady</u> and <u>Napue</u> claims was provided <u>before</u> trial to his counsel and before June 28, 2011, when his counsel wrote a letter to the prosecutor

confirming her possession of the supplemental report.[26]  The supplemental report, therefore, was in the possession of defense counsel and certainly discoverable before Davis's trial.  Even if Davis ever agues later discovery of the supplemental police report, it is <u>not</u> a new factual predicate that would alter the beginning date of the AEDPA one-year statute of limitations.

Under the mailbox rule, Davis's federal petition is deemed filed on September 28, 2018, which was three years and eight months <u>after</u> the AEDPA one-year statute of limitations expired on January 27, 2015.  His federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.[27]

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is **RECOMMENDED** that Carl J. Davis Jr.'s petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

---

[26]St. Rec. Vol. 3 of 10, Trial Court Judgment, pp. 2, 5, 2/2/17.

[27]Davis has asserted no excuse to avoid the expiration of the limitations period. Even if he were to argue actual innocence, Davis has not presented any new, reliable evidence of his innocence to meet the high burden set forth in <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013).

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[28]

New Orleans, Louisiana, this _____22nd_____ day of March, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[28]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

17